J-A22041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COPY COPY, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEYSTONE DIGITAL IMAGING, INC., | : | |
| KDI AND KEYSTONE DIGITAL | : | No. 3851 EDA 2017 |
| IMAGING | : | |
| | : | |

Appeal from the Order November 6, 2017
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  2004-14205

BEFORE:   BENDER, P.J.E., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 19, 2018**

Appellant, Copy Copy, Inc., appeals from the order entered in the Court of Common Pleas of Delaware County denying its Petition to Attach the Income from clients of Appellees KDI, Keystone Digital Imaging, Inc., and Keystone Digital Imaging and its Motion to Compel Appellees to Disclose the Location of Funds Received While Doing Business Under the Appellees' Names.  We affirm.

In 2005, Appellant/Plaintiff, Copy Copy, Inc., filed a breach of contract action against Appellees/Defendants Keystone Digital Imaging Inc., Keystone Digital Imaging, and KDI.  During pleadings and at trial, Appellees/Defendants unsuccessfully alleged they, as corporations, did not exist at the time of the contracts in question.   Instead, they claimed, the separate and distinct corporation of "Keystone Digital Imaging, Incorporated" had been the contracting party.   At the end of trial, on or about December 27, 2006,

_____
* Former Justice specially assigned to the Superior Court.

Appellant/Plaintiff obtained a verdict against the named Appellees/Defendants for $288,090.22. As of December 31, 2007, the amount totaled $390,247.43.

In 2011, Appellant filed with the court a petition for forced entry in Appellees' property to conduct execution of the 2006 judgment. The Honorable George A. Pagano denied Appellant's petition, finding the place of business actually belonged to "Keystone Digital Imaging, Incorporated," which was not a party to the underlying litigation and judgment.

In 2014, Appellant filed a petition to attach the assets of "Keystone Digital Imaging, Incorporated" in satisfaction of the 2006 judgment against Appellees. Specifically, Appellant alleged the three judgment debtors had improperly transferred all their assets to Keystone Digital Imaging, Incorporated.

The trial court, with the Honorable Spiros Angelos presiding, denied the petition. Specifically, Judge Angelos found Appellant's 2014 action in fraud time-barred, as Appellant was aware of Keystone Digital Imaging, Incorporated's existence and the Appellees' bankruptcies no later than December 2006, and a four-year statute of limitations applies to a claim for fraudulent conveyance under the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa.C.S.A. §§ 5104, 5105. *See* 12 Pa.C.S.A. § 5109.

Even if Judge Angelos were to review the claim on its merits, he opined, he would still find it was without merit. Under the Pennsylvania Uniform Fraudulent Transfer Act, it is a creditor's burden to prove, by a preponderance of the evidence, that a debtor transferred assets. Here, Appellant offered no

testimony or evidence that any transfer took place. Without evidentiary support for Appellant's claim, it was impossible to determine if Appellees/Defendants transferred their assets to Keystone Digital Imaging, Incorporated, let alone whether they did so fraudulently, Judge Angelos concluded.

Appellant appealed to the Superior Court. On December 5, 2016, however, counsel voluntarily withdrew and discontinued Appellant's appeal.

In April 2017, Appellant instituted the present action in the Court of Common Pleas of Delaware County by filing a Petition to Attach the Income of Clients of KDI a/k/a KDI Incorporated. In September 2017, Appellants filed an accompanying Motion to Compel Disclosure of Location of Funds Received while Doing Business Under Defendants' Names. Defendants/Appellees filed preliminary objections.

The Honorable Charles Burr agreed with preliminary objections that Appellant was attempting to relitigate the matter previously disposed of by Judge Angelos and voluntarily withdrawn by counsel at the appellate level. Specifically, Judge Burr found that all requests for relief made in the present action had already been denied previously by Judges Pagano and Angelos, respectively. Moreover, he opined, Appellant could have pursued appellate review in this Court from such decisions, but it elected not to do so. Judge Burr, therefore, relied on the aforementioned statute of limitations as well as on the doctrines of *res judicata* and collateral estoppel to deny Appellant's Petition to Attach. This timely appeal followed.

Appellant presents two questions for our consideration:

1. Is it an error of law and/or an abuse of discretion when the court will not allow the attachment of income of a named defendant found on a web site?

2. Is it an error of law and/or an abuse of discretion to deny discovery of the income of a named defendant?

Appellant's brief, at 4.

The entirety of Appellant's argument comprising the two issues raised above states the following:

This is a case in which a company operates under [four] names and uses them to hide assets, claim it never signed an agreement, claim it did not send checks to the plaintiff and deny admissions in pleadings and testimony.

The record is clear KDI, Incorporated operates under several different names and these names are not separated legal entities.

For over 100 years, the courts have protected people and businesses from corporations which try to avoid paying a debt simply by changing their names.

. . .

[Appellant/Plaintiff] sued the correct party under the many names it uses.  It is an error of law and an abuse of discretion not [to] allow [Appellant/Plaintiff] to attach[] the income from customer[s] listed on the KDI website.

Also, because documents show that the three named [Appellees/Defendants] send contracts and invoices to customers it is an error of law and an abuse of discretion not to allow [Appellant/Plaintiff] to determine the locations of the funds received from the customers.

Appellant's brief, at 8-9.  Appellant purports to advance this position with a listing of decisions standing for the general proposition that a corporation

cannot avoid paying a debt simply by changing its name. ***Id.*** (citing, e.g., ***Burlington Coat v. Grace Construction***, 126 A.3d. 1010 (Pa.Super. 2015) (building owner's entry into contract under trade name, which was fictitious name, did not preclude his rights under contract; use of fictitious name does not create separate legal entity)).

Most problematic for Appellant, however, is that it offers no response to Judge Burr's order decreeing the present action either time-barred under the statute of limitations or precluded by the doctrine of *res judicata*. With respect to the former grounds for dismissal, Appellant fails to address, let alone explain how the four-year statute of limitations deemed applicable to its previous claims of fraudulent transfer of funds would not also apply to the present matter, which essentially raises the same claim that Appellees "operate[] under [four] names and use[] them to hide assets." Appellant's brief at 8.

As for Judge Burr's alternate grounds for his decision, we note "[u]nder the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies." ***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 286 (Pa. Super. 2016) (citations and quotation marks omitted). The "doctrine therefore forbids further litigation on all matters which might have been raised and decided in the former suit, as well as those which were actually raised therein." ***Id.***

- 5 -

Here, we agree *res judicata* applies because Appellant's present claims, even if not technically identical to its previous claims, are their functional equivalent and, therefore, could have been raised and decided in the former suit. Indeed, in the previous suit before Judge Angelos, Appellant petitioned the court to attach assets of Keystone Digital Imaging, Incorporated. In the present suit, Appellant petitioned the same court to attach assets of Appellees, which, Appellant claimed, is essentially the same entity as Keystone Digital Imaging, Incorporated. As such, Appellant effectively seeks the same remedy from the same court that previously discerned no merit to the claim.

We, therefore, discern no error with Judge Burr's conclusion that the present matter impermissibly required him to relitigate issues disposed of by the same trial court in Appellant's prior matter. Appellant had the opportunity to gain judicial review of the trial court's prior decision not through a subsequent filing with the same court but through the appeal it actually filed with this Court. Before we could conduct merits review, however, Appellant elected to withdraw the appeal. Accordingly, Appellant may obtain no relief now by raising claims that were or should have been raised in the previous matter. For this reason, Appellant's appeal fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/18</u>